UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ALLEN WIMBERLEY, ) | 1:06-CV-00279 OWW LJO HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS |
| ) | |
| ) | [Doc. #7] |
| JAMES A. YATES, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction on December 17, 2004, of first degree burglary in violation of Cal. Penal Code § 245(a)(2), making criminal threats in violation of Cal. Penal Code § 422, and various enhancements. Petitioner was sentenced to serve a total determinate prison term of eighteen years and four months.

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

1    Petitioner thereafter appealed the conviction.  On November 29, 2005, the California Court
2  of Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction.  <u>See</u> Lodged
3  Document No. 4.
4    On December 14, 2005, Petitioner filed a petition for review with the California Supreme
5  Court.  <u>See</u> Lodged Document No. 5.  Review was summarily denied by the California Supreme
6  Court on February 1, 2006.  <u>See</u> Lodged Document No. 6.
7    On March 13, 2006, Petitioner filed the instant petition for writ of habeas corpus in this
8  Court.  Petitioner raises the following ground for relief: (1) "The trial court violated petitioner's right
9  to due process under the 6th and 14th Amendment of the United States Constitution by denying
10 petitioner's motion for mistrial."
11   On June 27, 2006, Respondent filed a motion to dismiss the petition for failure to exhaust
12 state remedies.
13   On July 19, 2006, Petitioner filed an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  <u>Exhaustion of State Remedies</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the

> underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In addition, in order to fully exhaust a federal claim, the petitioner must properly raise the federal constitutional claim at every level of review, including the intermediate court of appeal. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) ("where the [federal] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons . . . [r]aising the claim in such a fashion does not . . . constitute fair presentation."); <u>Casey v. Moore</u>, 386 F.3d 896, 916-918 (9th Cir. 2004) (concluding that the petitioner did not fairly present his federal constitutional claims by raising them for the first and only time to the state's highest court on discretionary review).

In the instant petition before the Court, Petitioner raises one ground for relief.  Respondent contends the ground is unexhausted because Petitioner did not present the federal basis of his claim at all levels of direct review. Specifically, he argues Petitioner only presented the federal basis to the California Supreme Court on discretionary review in a petition for review. The Court has reviewed Petitioner's briefing to the 5th DCA and finds Respondent is correct. Petitioner introduced his claim to the 5th DCA as follows: "The judgment of guilt must be reversed because the trial court erroneously refused a defense motion for a mistrial." Throughout the brief, Petitioner argues the claim only in the context of a state law violation. He cites and argues California case law almost exclusively. He mentions one federal case, <u>Chapman v. California</u>, 368 U.S. 18 (1967), toward the end of his brief; however, this citation in passing does not fairly alert the appellate court of a federal constitutional claim.

Accordingly, the instant petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).

///

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus be GRANTED and the Petition be DISMISSED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claims, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 26, 2006**              **/s/ Lawrence J. O'Neill**
b9ed48                                  UNITED STATES MAGISTRATE JUDGE